Shatjck, J.
Unless the purchasers were justifiable in refusing to pay the contract price for the two cars of lumber which they received and did not. pay for, the seller might lawfully regard the contract as terminated thereby and refuse, as it did refuse, to deliver the remaining four cars which the contract contemplated. We therefore concur in the view taken by the circuit court upon this point, that the only question to be determined is whether the trial judge correctly instructed the jury with respect to the obligation of the purchasers to pay for the two car loads the price stipulated in the contract. In the court of common pleas the words “select and common,” indicating the grade of the lumber, were regarded as merely words of description which imposed upon the seller no obligation which would survive the receipt, inspection and use by the purchasers of the cars which the seller had shipped in good faith as in performance of the contract. In the circuit court the words were regarded as being both a de *22 scription and a warranty, the warranty imposing upon the seller an obligation which survived the acceptance and use of the lumber by the purchasers with full knowledge of all the defects therein, which, upon the trial, they sought to make available as a defense to an action for the contract price.
Undoubtedly, in sales of this character, the particular subject of the contract not being designated or identified, the seller becomes charged with an obliga-' tion to furnish an article of the description contained in the contract, and the purchaser does not become bound to accept any other. In some of the cases cited this obligation of the purchaser is called a “warranty.” That in some cases he is liable to the same extent as he would be upon a warranty is clear. That he incurs such liability in all cases of this character cannot be sustained by either the reasons involved or by the discriminating cases. It is not doubted that if the particular subject of this contract had been identified, the rights and liabilities of the parties would be determined under the rule caveat emptor. What modification, or apparent modification, of that rule does justice require in view of the fact that the subject of the contract was not present or designated? Obviously it is that the purchaser should have the same opportunity for effective inspection of the subject which would have been afforded by its actual identification at the time of the sale. The instruction was given in the present.case in view of evidence tending to show, or, more accurately, conclusively showing, that upon the arrival of the two cars at the factory of the purchasers they removed the lumber from the cars, made the inspection, which, according to their testimony 'upon the *23 trial, showed that it was not in accordance with the description in the contract, and refused, for that reason assigned, to make payment of the contract price, proposed to take it at the lower price as lumber of an inferior grade, and the seller not assenting thereto, refused to permit him to remove it at his own expense and to substitute other lumber which should be acceptable to them and in compliance with the contract; and that after three months they used it in their business, the seller always insisting that it should be accepted under the contract or that he should be permitted to substitute other lumber. The obligation of the seller was to furnish lumber of the amount and grade described. No terms were employed appropriate to an obligation that these particular cars should be of that grade, nor does any consideration of justice to the purchasers require that such obligation should be imposed upon the seller regardless of intention. His offer was to perform his contract, and the purchasers should not be permitted to coerce him into the acceptance of a price arbitrarily fixed by themselves, or to the submission to a jury of a price which had been fixed by the agreement of the parties.
It is admitted that the instruction given is- in accordance with the doctrine declared and the point decided in Pierson et al. v. Crooks et al., 115 N. Y., 539. The case involved the rights of the parties to an ex-ecutory contract for the sale of chattels not identified and the effect of acceptance by the purchasers. The court said: 1‘ The quality is a part of the description of the thing agreed to be sold, and the vendor is bound to furnish articles corresponding'with the description. If he tenders articles of an inferior qual *24 ity, the purchaser is not bound to accept them. But if he does accept them, he is, in the absence of fraud,, deemed to have assented that they correspond with the description, and is concluded from subsequently questioning it. This imposes upon the vendee the-duty of inspection before acceptance, if he desires to-save his rights in case the goods are of inferior-quality. There is in such case no warranty of quality which survives acceptance, and the vendee cannot reject the goods after acceptance or recover damages; for inferior quality. He can do nothing inconsistent with the right of rejection, or do what is only consistent with acceptance and ownership, without precluding himself.” Of the numerous cases in which the same view has been taken, Chanter v. Hopkins, 4 M. & W., 399, attracts attention because of Lord Abinger’s discriminating criticism of the unfortunate use of the word “warranty” in cases of this character. His criticism is commended by Mr. Benjamin in his work on Sales, section 600. While it is true that some of the decided cases cannot be reconciled, with the view of the subject here taken, discrimination will show that they do not constitute the “weight-of authority” even if that be taken to refer to mere numbers. Such discrimination will attend to what-is decided rather than to what is said; it will recognize thát mere reception may not be acceptance; that-the purchaser is not precluded from subsequently asserting that the article does not conform to the description by the fact that in the due course of trade he has disposed of it without opportunity to inspect, and that neither opportunity to inspect, nor actual inspection, will preclude him from subsequently complaining of defects which are of such a nature. *25 that they would not he disclosed by any practicable-inspection.

Judgment of the circuit court reversed, and that, of the common pleas affirmed.

Spear, C. J., Davis, Price and Crew, JJ., concur..
Summers, J., not participating.